UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

THOMAS M. HAKIM, JR.,

                Defendant.
_____/

Case No. 2:19-cv-10107-APP
Hon. Anthony P. Patti

## OPINION AND ORDER GRANTING PLAINTIFF UNITED STATES' MOTION FOR SUMMARY JUDGMENT (ECF NO. 19)

**I.    OPINION**

    **A.    Pleadings**

This case is about Defendant's federal income tax liability and his liability for trust fund recovery penalties "in regard to the wages of the employees of Hakim Financial, Inc.," a company for which he allegedly was "Chief Executive Officer" and "a signatory to [its] financial account . . . ." (ECF No. 3, PageID.18, 27-28, ¶¶ 9, 11.) In its February 22, 2019 amended complaint, the Government seeks to reduce to judgment Thomas M. Hakim, Jr.'s allegedly unpaid: (1) federal income taxes for 2003, 2004, 2006, 2007, 2008, 2009, 2010, 2011, 2012 and 2014; and, (2) penalties under 26 U.S.C. § 6672 ("Failure to collect and pay over tax, or attempt to evade or defeat tax"). (ECF No. 3.)

Defendant filed an answer on March 27, 2019. (ECF No. 5.) Notably, he denies having "willfully failed to collect any federal income taxes and Federal Insurance Contribution Act ("FICA") taxes," and asserts that "[t]he collection statute of limitations has lapsed for a portion of these referenced assessments." (*Id.*, PageID.34-35.)

In May 2019, the parties consented to my jurisdiction. (ECF Nos. 10, 11.)

**B.     Discovery**

The initial scheduling order set the discovery deadline for December 9, 2019 and the dispositive motion deadline for January 7, 2020. (ECF No. 12.) Defendant was deposed on September 9, 2019. (ECF No. 19-3.) He answered introductory questions, such as those about his education, ownership of Hakim Financial, and signature authority over its bank account(s). (ECF No. 19-3, PageID.100-104.) However, for much of the deposition, he invoked his Fifth Amendment right against self-incrimination, refusing to answer key questions on, *inter alia*: (1) identification of Hakim Financial employees; (2) payment of employer taxes and contributions; ; (3) Hakim Financial payments to non-employees; (4) what the correct federal income tax liability should have been; and, (5) whether the statute of limitations had expired. (*See* ECF No. 19-3, PageID.105-113.)

As the Government correctly points out, "[h]aving invoke[d] his Fifth Amendment privilege against self-incrimination on this issue during discovery,

Defendant is precluded from waiving this privilege to present evidence directly related to the prior assertion in opposition to summary judgment[,]" or, stated otherwise, "Defendant cannot oppose this motion with evidence that now waives that right."  (ECF No. 19, PageID.86, 90.)  *See Dunkin' Donuts Inc. v. Taseski*, 47 F.Supp.2d 867, 874 (E.D. Mich. 1999) ("Defendants . . . are precluded from offering evidence on the topic of damages due to their invocation of the Fifth Amendment privilege."); *see also Traficant v. C.I.R.*, 884 F.2d 258, 265 (6th Cir. 1989) ("it was proper under principles of reciprocity for the Tax Court to bar Traficant, once he had invoked the privilege against self-incrimination on the authenticity of the statement and the tapes, from introducing other evidence on *that matter.*").  Moreover, "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them[.]"  *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).  *See also Kosinski v. Comm'r*, 541 F.3d 671, 678 (6th Cir. 2008) (explaining that the limitation is "one that a defendant cannot invoke in a Tax Court case to satisfy *his* burden of proving that the government miscalculated his tax deficiency.").

## C. **Instant Motion**

On February 14, 2020, consistent with the Court's ruling on the Government's motion to modify the scheduling order, the Government filed a motion for summary judgment.  (ECF No. 19.)  To date, Defendant has not filed

either his own motion for summary judgment or a timely response to the Government's dispositive motion. In fact, other than his answer to the amended complaint, Defendant's only substantive filing in this matter has been his December 4, 2019 response to the Government's motion to modify. (*See* ECF Nos. 17 & 18.)

Accordingly, the Government's motion for summary judgment (ECF No. 19) is unopposed. E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available."). Still, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Thus, notwithstanding the unopposed status of this motion, the Court will carefully consider the merits of the Government's arguments, as framed by its amended complaint and Defendant's corresponding answer, to ensure that the Government has discharged its burden.

**D.     Fed. R. Civ. P. 56**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]here must be evidence upon

which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### E. Discussion

#### 1. Federal income taxes for tax period 2014 and Trust Fund Recovery Penalties for quarterly tax period ending September 30, 2015

In the amended complaint, the Government sought to recover, *inter alia*, federal income tax liability for the 2014 tax year and unpaid Section 6672 penalties for the quarterly tax period ending September 30, 2015. (ECF No. 3, PageID.25, 27, 29.) The Government now explains that these issues have been mooted by payment of the respective liability. (ECF No.19, PageID.74 n.1, PageID.76 n.2.)

#### 2. Federal income taxes for tax periods 2003, 2004, 2006, 2007, 2008, 2009, 2010, 2011, 2012

##### a. Liability

The Government has submitted Certificates of Official Record, *each dated November 14, 2018*, for IRS Forms 4340 for the periods ending December 31st in the years 2003, 2004, 2006, 2007, 2008, 2009, 2010, 2011, and 2012. (ECF Nos. 19-7, 19-8.) "Form 4340 traditionally provides *prima facie* evidence that the IRS has complied with its statutory duties." *Herip v. United States*, 106 F. App'x 995, 998 (6th Cir. 2004) (citing *Roberts v. Comm'r*, 329 F.3d 1224, 1228 (11th Cir. 2003)).

The amount of $1,020,590.39 in unpaid balances due *as of February 14, 2020* for these nine tax periods is supported by the same-day declaration of IRS Revenue Officer Bruce Clark. (ECF No. 19-9, PageID.198-199 ¶ 6.) "The Commissioner's determination of tax liability, if calculated according to an acceptable procedure, such as the net worth method, is presumptively correct and places the burden of producing contrary evidence upon the taxpayer." *United States v. Walton*, 909 F.2d 915, 918 (6th Cir. 1990) (citing cases). *See also United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court.").

The Government has substantiated its argument for liability, and Defendant has not challenged it, either by filing his own motion for summary judgment or by

7

filing a response to the Government's motion. Therefore, the Court concludes that Defendant is liable for $1,020,590.39 in federal income taxes for tax periods 2003, 2004, 2006, 2007, 2008, 2009, 2010, 2011, 2012.

### b. Statute of limitations

In his answer to the amended complaint, Defendant pleads the affirmative defense that "[t]he collection statute of limitations has lapsed for a portion of these referenced assessments." (ECF No. 5, PageID.34-35.) He supplies no further factual support or detail and fails to even identify which "portion" of the assessments are allegedly outside of the limitations period. These omissions leave both the Government and the Court to guess as to the offending "portion." While neither fact pleading nor specificity is required in affirmative defenses, 2 *Moore's Federal Practice*, § 8.08[1][6], when taken in conjunction with the lack of a response to the instant motion, the Court is unable to divine which portion of this series of alleged delinquencies is supposed to be beyond its reach. "[I]t is a party's burden to tell us and make the argument because '[j]udges are not like pigs, hunting for truffles' that might be buried in the record." *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) (quoting *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x. 733, 736 (6th Cir. 2011)). The Government simply argues that its claim was timely filed. (ECF No. 19, PageID.86-87.)

The Internal Revenue Code provides that a suit for collection must be filed "within 10 years after the assessment of the tax[.]" 26 U.S.C. § 6502(a)(1). However, this period is suspended "for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter." 26 U.S.C. § 6503(a)(1).

For the tax years at issue in this motion, it appears the earliest assessment(s) occurred on September 4, 2006 (ECF No. 19-7, PageID.149-150), ten years from which is September 4, 2016. Citing two sources of authority for suspension on collection, the Government contends that, "[b]ecause of Defendant's CDP hearing requests and Installment Agreement, the collection for these liabilities was prohibited for 874 days." (ECF No. 19, PageID.87.) *See* 26 U.S.C. § 6330(e), 26 C.F.R. § 301.6159-1(g). The Government appears to have arrived at this number by adding: (i) the 247 days in 2007 during which a CDP lien hearing was pending; (ii) the 385 days from 2007 to 2009 during which a CDP levy hearing was pending; (iii) the 202 days from 2009 to 2010 in which a request for installment agreement was pending; and, (iv) the 30 days after the termination of the installment agreement. (ECF No. 19-7, PageID.150-151, 157-158.) While the Court recognizes that these figures total 864 days (*i.e.*, fall 10 days short of the

9

Government's number), the difference is inconsequential. Adding 864 days to September 4, 2016 results in a date of January 16, 2019, and the Government initiated this lawsuit on January 11, 2019. Moreover, notwithstanding Defendant's affirmative defense, he has not filed his own motion for summary judgment or a response to the Government's motion. *Campbell v. Grand Trunk W. R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001) ("Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run."); *see also* Fed. R. Civ. P. 56(e) ("Failing to Properly Support or Address a Fact."). Therefore, Defendant has not challenged either the Government's application of 26 U.S.C. § 6330(e) and 26 C.F.R. § 301.6159-1(g) to his case or the Government's calculation that its lawsuit was timely.

### 3. Trust Fund Recovery Penalties for quarterly tax periods ending September 30, 2014 and June 30, 2015

"Federal law requires employers to withhold taxes from their employees' wages to account for the income, Social Security, and Medicare taxes each individual owes." *United States v. Hartman*, 896 F.3d 759, 760 (6th Cir. 2018). "Known as 'payroll taxes' or 'trust fund taxes,' they represent an essential means by which the federal government collects taxes from its citizens." *Hartman*, 896 F.3d at 760.

As for a "[f]ailure to collect and pay over tax, or attempt to evade or defeat tax[,]" the Internal Revenue Code generally provides:

> Any person *required* to collect, truthfully account for, and pay over any tax imposed by this title who *willfully* fails to collect such tax, or truthfully account for and pay over such tax, or *willfully* attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a) (emphases added).

### a. Withholding requirement

The Government argues that Defendant "was required to pay withheld federal income taxes and FICA taxes[.]" (ECF No. 19, PageID.87-89.) "Whether one is considered a person responsible for paying over such taxes to the government under section 6672 is a question 'focusing upon the degree of influence and control which the person exercised over the financial affairs of the corporation, and, specifically, disbursements of funds and the priority of payments to creditors.'" *Kinnie v. United States*, 994 F.2d 279, 283 (6th Cir. 1993) (quoting *Gephart v. United States,* 818 F.2d at 469, 473 (6th Cir. 1987)). "Factors which courts have examined in determining if a person is responsible for the payment of withholding taxes are:

(1) the duties of the officer as outlined by the corporate by-laws;

(2) the ability of the individual to sign checks of the corporation;

(3) the identity of the officers, directors, and shareholders of the corporation;

(4) the identity of the individuals who hired and fired employees;

(5) the identity of the individuals who are in control of the financial affairs of the corporation.

*Id*. (citations omitted). "Moreover, liability requires the existence of only significant as opposed to absolute control of the corporation's finances. *Id.* "Generally, such a person is one 'with ultimate authority over expenditure of funds since such a person can fairly be said to be responsible for the corporation's failure to pay over its taxes,' or more explicitly, one who has 'authority to direct payment of creditors.'" *Id.* (citation omitted).

In support of its position that "Defendant had absolute and sole control over the financial affairs, including the authority to pay creditors, of Hakim Financial, and therefore, is a responsible person[,]" the Government offers: (i) a 2015 Department of Licensing and Regulatory Affairs (LARA) Profit Corporation Information Update, which lists "Thomas M. Hakim" as the President, Secretary, Treasurer, and Director (ECF No. 19-1, PageID.93); (ii) Defendant's September 9, 2019 deposition testimony that he was the only one with signature authority over Hakim Financial bank accounts (ECF No. 19-3, PageID.104);[1] and, (iii) multiple

---

[1] By comparison, a much earlier-dated, October 1, 2008 Huntington form for Account Number 2111 lists "Tracy A Boch," "Thomas M Hakim," and "Karen T Hakim" as "Authorized Signatories." (ECF No. 19-2, PageID.94.)

checks issued from Hakim Financial Enterprises, Inc.'s Account Number 2111, which are dated 2014-2015 and many of which seem to be signed by Defendant (*see* ECF No. 19-4). (ECF No. 19, PageID.88.) Thus, the Government has put forth evidence that Defendant is a person responsible for the payment of withholding taxes. Defendant did not avail himself of the opportunity to make a contrary showing.

### b. Willfulness

In his March 27, 2019 answer to the amended complaint, Defendant denies having "willfully failed to collect any federal income taxes and Federal Insurance Contribution Act ('FICA') taxes[.]" (ECF No. 5, PageID.34.) Almost one year later, in the instant motion, the Government argues that Defendant "willfully failed to pay" the Trust Fund Recovery Penalties for the two quarterly tax periods at issue. (PageID.89-90.)

"A responsible person will be found liable under § 6672(a) if the government can demonstrate that he had either (1) actual knowledge that the trust-fund taxes were not paid and the ability to pay the taxes, or (2) recklessly disregarded known risks that the trust-fund taxes were not paid." *Byrne v. United States*, 857 F.3d 319, 327 (6th Cir. 2017). "Willfulness is present if the responsible person had knowledge of the tax delinquency and knowingly failed to rectify it when there were available funds to pay the government." *Gephart*, 818 F.2d at

475 (citing *United States v. Davidson,* 558 F.Supp. 1048, 1056 (W.D. Mich. 1983)).

In support of its position that Defendant "had the money to pay these taxes and knew that he had not paid them," the Government relies upon: (i) the above-mentioned checks issued from Hakim Financial Enterprises, Inc.'s Account Number 2111, which are dated 2014-2015 and many of which seem to be signed by Defendant (ECF No. 19-4); (ii) IRS tax payments from the business checking account (ECF No. 19-6, PageID.134; *see also id.*, PageID.139, 147); (iii) the bank account statements, seemingly for the balances (ECF No. 19-6);[2] and, perhaps even (iv) Defendant's September 9, 2019 deposition testimony that he was the only one

---

[2] The Government contends that this account had "sufficient funds to pay the withheld federal income and FICA taxes for the Quarterly Tax Periods at Issue," *i.e.*, the periods ending September 30, 2014 and June 30, 2015. (ECF No. 19, PageID.75, 89.) The Court's review reveals that this account had ending balances of $0.00 for September 30, 2014, $1,939.82 for October 31, 2014, and $21,713.83 for November 30, 2014. (ECF No. 19-6, PageID. 133, 135, 138.) Likewise, there were ending balances of $191.92 for June 30, 2015, $0.00 for July 31, 2015, and $5,690.50 for September 30, 2015. (ECF No. 19-6, PageID.140, 142, 146.) Although in three of these months the ending account balances were zero or $191.92, in the other three months there were heftier balances. Setting aside whether these quarterly amounts were due on the exact date they accrued, the Court assumes that the Government was referring to account balances over a range of time rather than on any specific date. Moreover, as to the Government's assertion that Defendant paid other creditors (ECF No. 19, PageID.75, 89), the Court notes that, from May 2014 through September 2015, Hakim Financial Enterprises, Inc. wrote checks to various individuals and various entities (such as The UPS Store, Abraham & Rose, Toshiba, Cherry Creek, and State of Michigan). (ECF No. 19-4.) Coupling these observations with Plaintiff's failure to respond, the Court accepts the Government's proffer of willfulness.

with signature authority over Hakim Financial bank accounts (ECF No. 19-3, PageID.104).  (*See* ECF No. 19, PageID.89-90.)   The Court also notes Defendant's testimony that he has "been 100 percent owner of Hakim Financial since 1985[,]" and that no one else has "ever had any type of ownership interest in Hakim Financial[.]"  (ECF No. 19-3, PageID.104.)  (*See also* ECF No. 19, PageID.74, 88; ECF No. 19-1, PageID.93.)

The Government has submitted Certificates of Official Record for Civil Penalty (CVPN), *each dated November 14, 2018*, for the periods ending September 30, 2014 and June 30, 2015.  (ECF No. 19-5.)  Although the amounts listed total $11,716.95 (*i.e.*, $37.25 + $11,679.70), the amount of $1,463.88 in unpaid balances due *as of February 14, 2020* for these two tax periods is supported by the same-day declaration of IRS Revenue Officer Bruce Clark.  (ECF No. 19-9, PageID.199 ¶ 7.)  Thus, the Government has put forth evidence that Defendant willfully failed to pay the Trust Fund Recovery Penalties for the two quarterly tax periods at issue.

### c. Liability

The Government has substantiated its argument that Defendant is liable for the Trust Fund Recovery Penalties.  (ECF No. 19, PageID.87-90.)  Defendant has not challenged this argument, either by filing his own motion for summary judgment or by filing a response to the Government's motion.  Therefore, the

Court concludes that Defendant is liable for $1,463.88 in Trust Fund Recovery Penalties for the quarterly tax periods ending September 30, 2014 and June 30, 2015.

## II. ORDER

In accordance with the foregoing opinion, which illustrates that the Government has discharged its burden as to the issues on which it seeks summary judgment and that Defendant has not responded thereto, the motion for summary judgment (ECF No. 19) is **GRANTED**. The Government having shown its entitlement to the relief requested, judgment will enter in favor of the plaintiff United States of America and against defendant Thomas M. Hakim, Jr., for: **(A)** federal income tax liabilities for the tax years 2003, 2004, 2006, 2007, 2008, 2009, 2010, 2011, and 2012, in the amount of **$1,020,590.39**, plus such additional amounts as may continue to accrue by law from and after February 14, 2020, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c); and, **(B)** for liabilities under 26 U.S.C. § 6672 in regard to the tax periods ending September 30, 2014, and June 30, 2015, in the amount of **$1,463.88**, plus statutory additions from and after February 14, 2020, including interest pursuant to 26 U.S.C. §§ 6601, 6622, and 28 U.S.C. §1961(c). (ECF No. 19, PageID.71 ¶¶ A, B.)

If the Government still seeks an award of "its costs in this action, and such other and further relief as the Court determines is just and proper[,]" as set forth in its amended complaint (ECF No. 3, PageID.29 ¶ C), it must apply separately for such relief.

Finally, no later than **Wednesday, April 22, 2020**, the parties shall either: **(1)** submit a proposed judgment, agreed upon as to form only, through Case Management / Electronic Case Filing (CM/ECF); or, **(2)** if the parties cannot agree upon a judgment as to form, file a motion to settle the judgment.

**IT IS SO ORDERED.**

Dated: April 8, 2020
s/*Anthony P. Patti*
Anthony P. Patti
U.S. MAGISTRATE JUDGE